| | |
|---|---|
| **WILLIAM W. ALDEN, ET. AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-11420** |
| **USAA CASUALTY INSURANCE COMPANY** | **SECTION "B"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Crescent City Property Redevelopment Association, LLC ("Crescent City") and/or Ashley S. Alden and/or William W. Alden ("the Aldens")(collectively "Plaintiffs") Motion for Partial Summary Judgment regarding Plaintiffs' claims for "Loss of Use" for additional living expenses ("ALE") and fair rental value reimbursement ("FRV")(Rec. Doc. No. 61). Defendant USAA Casualty Insurance Company ("Defendant")filed a Memorandum in Opposition to the Motion for Partial Summary Judgment(Rec. Doc. No. 67). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment regarding additional living expenses is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary Judgment regarding fair rental value is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary Judgment regarding attorneys's fees and penalties is **DENIED**.

## *BACKGROUND*

The Aldens suffered Hurricane Katrina related wind damage to their residence located at 4170 Vincennes Place and also sustained collision damage when a FEMA contractor damaged the front of their residence. During this time, the Aldens maintained a homeowners's policy of insurance with Defendant. The insurance policy provided coverage for "Loss of Use" which states in pertinent part:

Coverage D-Loss of Use

> The limit of liability for Coverage D is the total limit
> for all the coverages that follow:
>
> 1. Additional Living Expense. If a loss covered under
> Section-I makes that part of the residence premises where
> you reside not fit to live in, we cover the necessary
> increase in living expenses incurred by you so that your
> household can maintain its normal standard of living.
>
> Payment will be for the shortest time required to repair
> or replace the damage or, if you permanently relocate,
> the shortest time required for your household to settle
> elsewhere, in either event, not to exceed 12 months.

The Aldens claim that the repairs on their residence are not completed because they do not have the funds to cover them. They assert that they are entitled to 12 months of "Loss of Use" and their anticipated ALE for each of the covered perils as the damage suffered will require them to relocate until the necessary repairs are completed.

The Aldens contend that they provided Defendant with satisfactory proof of loss regarding their "Loss of Use" claim in January of 2008. Proof of Loss, Inc. computed their claim to be

2

$40,000 for ALE caused by wind damage and $40,000 for ALE related to the collision damage. Additionally, the Aldens assert that they have researched equivalent square footage properties comparable to their residence and have determined that monthly rents are between $5,000 and $8,000. To date, the Aldens claim that Defendant has ignored the above listed claims and has offered no reason for its arbitrary, capricious, and without probable cause denial of said claims. Therefore, the Aldens claim that they are entitled to $80,000 plus, attorneys fees, penalties and judicial interest from the date of demand.

Fair Rental Value

Crescent City suffered hurricane related wind damages to properties located at 6901 Pritchard Place and 4217-19 S. Rocheblave Street. Additionally, Crescent City suffered hurricane related wind damages and fire damages to properties located at 6904 Breedlove Street and 4336 State Street. During this time, Plaintiffs maintained fire policies of insurance on all properties with Defendants. The insurance policy provided coverage for "Fair Rental Value," which states in pertinent part:

Coverage D-Fair Rental Value

If a loss to property described in Coverage A, B or C by a Peril Insured Against under this policy makes that part of the Described Location rented to others or held for rental by you unfit for its normal use, we cover its:

Fair Rental Value, meaning the fair rental value of that part of the Described Location rented to others or held for rental by you less any expenses that do not continue while that part of the

3

Described Location rented or held for rental is not fit to live in. Payment will be for the shortest time required to repair or replace that part of the Described Location rented or held for rental...

...Other Coverages

5. Rental Value and Additional Living Expense. You may use up to 10% of the Coverage A limit of liability for loss of both fair rental value as described in Coverage D and additional living expense as described in Coverage E.

Use of this coverage does not reduce the Coverage A limit of liability for the same loss.

Plaintiffs contend that the dwelling at 6904 Breedlove Street was completely destroyed and the dwelling at 4336 State Street sustained severe damage. At that time, the limits of liability under the policy were $128,000.00 each. Hence, Plaintiffs argue that they are entitled 10% of this value, which equals $12,800.00 each in fair rental losses on these properties. Additionally, Plaintiffs claim that part of 6901 Pritchard Place was being rented while other portions were "held for rent," when the building was severely damaged by hurricane winds. As such, Plaintiffs claim that they are owed $66,800.00 or 10% of $668,000.00. At this time, the property located at 4217-19 Rocheblave Street was also being rented and Plaintiffs claim that they are entitled to $56,800.00 or 10% of $568,800.00, the limit of liability on said property. In summary, Plaintiffs assert that they are owed a total of $149,200.00 in fair rental loss on the above listed properties, plus judicial interest from the date of judicial demand.

<u>Attorney's Fees and Penalties</u>

Plaintiffs contend that they are entitled to attorney's fees and penalties under LA. REV. STAT. ANN. § 22:1892 for Defendant's arbitrary, capricious, and without probable cause failure to make payment within thirty days after it received satisfactory proof of loss, which Plaintiffs submitted in January of 2008. Alternatively, Plaintiffs claim that they are entitled to penalties under LA. REV. STAT. ANN. § 22:1973 for Defendant's failure to make said payments within sixty days after receiving satisfactory proof of loss.


*DISCUSSION*

**A.  Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate

that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co., 126 S.Ct. at 2414.* The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

## B. Additional Living Expenses

The Aldens assert that they are entitled to 12 months of "Loss of Use" and their anticipated ALE for each of the covered perils as the damage suffered will require them to relocate until the necessary repairs are completed. In support of this claim, they offer an estimate computed by Proof of Loss, Inc. and a statement that "Plaintiffs have checked local listings for properties with the equivalent square footage as their Vincennes property (the house they lived in)... and current real estate listings indicate monthly rents between $5,000.00 per month up to $8,000.00 per month." (Rec. Doc. No. 61, pg. 4).

The policy provides coverage for "loss covered under Section-I [that] makes that part of the residence premises where you reside not fit to live in." (Insurance Policy, pg. 3). With the exception of the Breedlove Street Property, which burned to the

ground, Defendant claims that Plaintiffs cannot prove that the other properties were not fit to live in. (Rec. Doc. No. 67, pg. 7-8). Moreover, Defendant asserts that even if the properties were not fit to live in, they were made unfit to live in by flood damage, which is not covered under the policy. Defendants offer deposition testimony and reports of experts who testified that said properties sustained only minimal damage from wind, a covered peril under the policy. (See Exhibits K-N and Exhibit O). Hence, if the property was made "not fit to live in," the loss was not caused by a covered peril as required by the insurance policy. In light of this testimony, the Court finds that there are genuine issues of material fact that remain regarding Plaintiffs' additional living expenses claims. Therefore, summary judgment is inappropriate on this issue.

## C. Fair Rental Value

Plaintiffs claim that they are entitled to 10% in fair rental losses on the investment properties. Plaintiffs argue that since 6904 Breedlove was completely destroyed and 4336 State Street suffered extensive damage, it entitles them to fair rental losses. Plaintiffs further argue that part of 6901 Pritchard Place was rented, while other portions were "held for rent." (Rec. Doc. No. 61-2, pg. 6). Plaintiffs also contend that 4217-19 S. Rocheblave Street was being rented. In support thereof, Plaintiffs offer an affidavit in which Dr. Alden testifies to the above assertions.

To the contrary, Defendant argues that the investment properties were not "held for rent" at the time of the alleged damage. (Rec. Doc. No. 67, pg. 4). Defendant claims to have requested documentation reflecting payments received in connection with the rentals and any written lease agreements entered into with regard to the property. *Id.* However, to date, Plaintiffs have failed to produce any such documentation.

Moreover, with respect to the Pritchard Place property, Dr. Alden's deposition testimony indicates that he was unsure as to what he would do with the property once the renovations were completed. (Exhibit G, pgs. 211-213) . With Respect to the Rocheblave Street property, Dr. Alden testified that he rented the property, but cannot recall any names of tenants. (Exhibit G, pgs. 157-158). Finally, as it pertains to the State Street and Breedlove Street properties, Dr. Alden testified that he had not rented the property, but that the property was being "held for rent," as he was still searching for a tenant on August 29, 2005, when Hurricane Katrina made landfall. (Exhibit G, pgs. 185-186, 241-23). However, Plaintiffs have not provided any other proof of these assertions besides his own questionable testimony.

In light of the above considerations, genuine issues of material fact exist regarding Plaintiffs' fair rental value claims. As such, Plaintiffs' motion for summary judgment must be denied with regard to this issue.

**D.**  **Attorney's Fees and Penalties under LA. REV. STAT. ANN. §§ 22:1892 and 22:1973.**

Plaintiffs seek damages pursuant to the above statutes. LA. REV. STAT. ANN. § 22:1892 provides that when an insurer fails to pay an insured or make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proof of loss from the insured, and that failure is arbitrary and capricious, the insurer must pay certain penalties to the insured. LA. REV. STAT. ANN. § 22:1892(B)(1). Additionally, LA REV. STAT. ANN. § 22:1973 provides for penalties when any of the following acts are knowingly committed:

(1)  misrepresenting pertinent facts or insurance policy provisions relating to any coverage at issue;

(2)  failing to pay a settlement within thirty days after an agreement is reduced to writing;

(3)  failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

In order for Plaintiffs to recover penalties under LA. REV. STAT. ANN. §§ 22:1892 AND 1973, three elements must be satisfied. First, the insurer must receive satisfactory proof of loss. Second, the insurer must fail to pay the claim within the

applicable statutory period. Third, the insurer's failure must be arbitrary, capricious, or without probable cause. *Shadow Lake Mgmt. Co. V. Landmark Am. Ins. Co.*, 2007 WL 1959236, *3 (E.D. La. 2007).

The first issue is whether Defendant received satisfactory proof of loss. Under Louisiana law, proof of loss is a flexible requirement. *Austin v. Parker*, 672 F.2d 508, 520 (5th Cir. 1982); *Shelter Mut. Ins. Co. V. Culbertson's Ltd., Inc.* 1999 WL 539520 *2 (E.D. La. 1999). "Either written or oral demand, of an informal nature" is sufficient as long as it informs the insurer of the situation and of the individual's intent to submit a claim. *Id. See also Sevier v. U.S. Fid. & Guar. Co.*, 497 So.2d 1380, 1384 (La. 1986) (finding that an estimate of damages constituted a sufficient proof of loss).

Given Louisiana's flexible requirements concerning proof of loss, it is possible that Plaintiffs' submission of the estimate calculated by Proof of Loss, Inc. in January of 2008, constituted satisfactory proof of loss. To date, Defendant has made no payments after submission of said estimate and therefore, has failed to make payment under the policy within thirty days after receiving satisfactory proof of loss under LA. REV. STAT. ANN. § 22:1892 or within sixty days as required by LA. REV. STAT. ANN. § 22:1973.

However, a review of the record illustrates that Defendant's non-payment of Plaintiffs' claims was not arbitrary and capricious.

An insurer's action is arbitrary and capricious when refusal to pay is vexatious, meaning unjustified and without reasonable or probable cause or excuse. *Defrancesch v. Employers Mut. Cas. Co.*, 2008 WL 1930450 *3 (E.D. La. April 30, 2008). An arbitrary act is an act "based on random choice or personal whim, rather than any reason or system," and a capricious action is one that is "given to sudden and unaccountable changes of behavior." *Id.* The threshold issue "is whether the insurer acted reasonably in failing to timely pay the claim once the insurer had adequate knowledge of the loss." *Hannover Corp. V. State Farm Mut. Aut. Ins. Co.*, 67 F.3d 70, 73 (5th Cir. 1995). "Whether or not a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action." *Defrancesch*, 2008 WL 1930450 at *3.

In the present case, Defendant argues that there is a dispute over coverage(Rec. Doc. No. 67, pgs. 8-11). Specifically, Defendant claims that Plaintiffs' failure to provide any documentation of incurred expenses related to both ALE and FRV claims, precludes it from being able to calculate the amount due under the policy, if any. Moreover, Defendant asserts that the only documentation provided by Plaintiffs was the estimate prepared by Proof of Loss, Inc., and that estimate was based on the presumption that Plaintiffs would be forced to evacuate their house for repairs; a presumption of which is disputed by other experts. Moreover,

Plaintiffs admit that the actual amount of damages are in dispute on all of the properties. (Rec. Doc. No. 61, pg. 4, FN. 1)

Under these circumstances, Defendant's refusal to make payment are justified in light of the fact that a dispute remains over both coverage and amount of coverage. There is nothing in the record that indicates that Defendant acted arbitrary, capricious, or without probable cause. As such, Plaintiffs' motion for summary judgment must be denied with regard to the claims for attorney's fees and penalties.

*CONCLUSION*

For the aforementioned reasons, **IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment regarding additional living expenses is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary Judgment regarding fair rental value is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary Judgment regarding attorneys's fees and penalties is **DENIED**.

New Orleans, Louisiana, this 3rd day of April, 2009.

IVAN L.R. LEMELLE<br>
UNITED STATES DISTRICT JUDGE