UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRESCENT CITY PROERTY REDEVELOPMENT ASSOC., LLC and/or WILLIAM W. ALDEN | CIVIL ACTION<br><br>NO. 06:1120 |
| VERSUS | SECTION "B" |
| USAA CASUALTY INSURANCE COMPANY | |

### ORDER & REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment (Rec. Doc. No. 39). After review of the arguments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment (Rec. Doc. No. 39) **GRANTED IN PART** as to the inapplicability of the Louisiana Valued Policy Law and the flood exclusion and **DENIED IN PART** as to damages for "Certain Other Items."

### BACKGROUND

Plaintiffs in the above captioned lawsuit are Crescent City Property Redevelopment Association, L.L.C. and/or William W. Alden. The suit concerns the home of Dr. William W. Alden and his wife, Ashley S. Alden as well as four other properties owned by Dr. Alden's limited liability company, Crescent City Property Redevelopment Association, L.L.C. Defendants is USAA Casualty Insurance Company, (hereinafter "CCPRA") which provided coverage to the properties under

five separate policies. The plaintiffs are seeking the full value of their properties under Louisiana Valued Policy Law, La. R.S. 22:695(A).

There are five properties discussed herein:
The Aldens' home property, located at 4170 Vincennes Place, New Orleans, Louisiana.

& the four other properties owned by CCPRA --
4336 State Street, New Orleans, Louisiana
4217 South Rocheblave Street, New Orleans, Louisiana
6901 Pritchard Place, New Orleans, Louisiana
6904 Breedlove Street, New Orleans, LA

With the exception of the Breedlove property, which burned down the day prior to Hurricane Katrina, the properties enumerated herein were damaged as a result of Hurricane Katrina. USAA inspected each of the five properties and made payments for wind damage for the Katrina affected properties and paid the dwelling limits of the policy issued on the Breedlove property.

Defendant filed a Motion for Partial Summary Judgment because it believes several of Plaintiffs' claims are without merit, most notably, that Plaintiffs cannot maintain a claim under Louisiana Valued Policy Law.

## **DISCUSSION**

**Standard for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides in relevant part, that summary judgment shall be rendered forthwith if

2

the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322 (1986); *see also*, *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir. 1989); *Washington v. Armstrong World Indus., 839* F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id*. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id*. at 323-24. The non-moving party must then go beyond

the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to resolve factual disputes by weighing conflicting evidence,... since it is the province of the jury to assess the probative value of the evidence." *Kenneth-Murray Corp. v. Bone.*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962).

**Louisiana Valued Policy Law**

The Valued Policy Law was first enacted in Louisiana in 1900, by Act 135, which provided in part:

> To fix the value of immovables by nature insured against loss or damage by fire, in case of loss or damage by fire.
> Section 1. Be it enacted by the General Assembly of the State of Louisiana in General Assembly convened that whenever any policy of insurance against loss by fire is hereafter written or renewed....

The language, "policy of insurance against loss by fire," remained the same until 1952. The plain meaning of this phrase indicates that as originally enacted the Valued Policy Law was intended to apply to any insurance policy that covered the peril of fire. In 1952, the legislature changed the statute so that the law

applied to "any fire insurance policy." This language remains in the statute today. In changing the wording of the statute, the legislature indicated its intent to change the law. See La. R.S. 24:177(C) ("The legislature is presumed to have enacted an article or statute in light of the preceding law involving the same subject matter and court decisions construing those articles or statutes, and where the new article or statute is worded differently from the preceding law, the legislature is presumed to have intended to change the law."). See also *Brown v. Texas-La Cartage,* 721 So.2d 885, 889 (La. 1998)("Where a new statute is worded differently from the preceding statute, the legislature is presumed to have intended to change the law."); *Louisiana Civil Service League v. Forbes*, 246 So.2d 800, 258 La. 390 (La. 1971) ("It is a well established rule of statutory construction that the legislature is presumed to have enacted a statute in the light of preceding statutes involving the same subject matter and decisions construing such statutes, and, where the new statute is worded differently from the preceding statute, the legislature is presumed to have intended to change the law."). Thus, "any fire insurance policy" must mean something other than "any policy of insurance against loss by fire."

In 1988, La. R.S. 22:695 was repealed in its entirety by Act Number 951, Section 1. In 1991, the statute was reenacted by Act No. 850 with several changes. The reenactment, however, retained the

5

beginning language, "[u]nder any fire insurance policy," and is the version of the statute in effect today. While the former language was ultimately retained, the legislature rejected various proposals to change this language in 1991. The legislative history of the 1991 reenactment of the statute thus sheds some light on the proper interpretation of the term "any fire insurance policy."

The gravamen of USAA's claim is that the Value Policy Law is limited to fire losses and does not apply to "windstorm" or to other perils. Plaintiffs had fire coverage on all the properties in question. USAA introduced a case recently decided by the Louisiana Supreme Court, *Barbara Landry v. Louisiana Citizens Property Ins. Co.*, 983 So.2d 66 (La. 2008). In *Landry*, following Hurricane Rita, plaintiffs suffered a total loss of their home from what was alleged to be a combination of wind and flood damage. Their homeowners' policy covered wind losses, but expressly excluded flood losses. Attempting to have Louisiana's Valued Policy Law, La. R.S. 22:695, applied to their case so that the issuer of their homeowners' insurance policy would be obligated to pay the face value of their policy, plaintiffs filed a motion for summary judgment in the trial court. In that case, the Court held that "[a] fire policy, even if it includes coverage for perils other than fire as allowed by La. R.S. 22:691(E), is entirely distinct from a homeowners' policy…." *Barbara Landry v. Louisiana Citizens Property Ins. Co.*, 983 So.2d 66 (La. 2008). Thus,

its applicability to the case at hand is directly on point since both parties agree that the policies at issue were homeowners' policies.

In *Landry*, Louisiana's highest Court denied the Motion for Summary Judgment. In that case the Court opined:

> It appears to us that the legislative history of La. R.S. 22:695, combined with the definitions provided in La. R.S. 22:6(10) and (15), and the contrast of the language used in related statutes, reveals that the statute is intended to apply only to fire insurance policies, which may include coverage against other perils as allowed by La. R.S. 22:691 and is distinct from homeowners' policies.

*Landry* at 76. Thus, the Louisiana Valued Policy Law is not applicable in this case and defendant is entitled to summary judgment on that issue.[1]

**Flood Coverage**

Plaintiffs admit that the properties herein were also damaged by flood (Rec. Doc. No. 49 at pg. 3). Each of the five policies issued to the Aldens excluded flood as a covered peril. However, Plaintiffs submit that they believed they were receiving "comprehensive"

---

1 In *Chauvin v. State Farm Fire and Cas. Co*, 450 F.Supp.2d 660,667(E.D.La 2006), Judge Vance opined that the Court was "mindful that Hurricanes Katrina and Rita have led to uninsured losses of catastrophic proportions. The Court would have welcomed a valid basis to alleviate the financial losses suffered by so many Louisiana homeowners. Unfortunately, the Court must recognize that the VPL was designed to fix valuations of losses and was not intended to expand coverage to excluded perils. The Court concludes that Louisiana's Valued Policy Law does not apply when a total loss is not caused by a covered peril." The Fifth Circuit affirmed the decision, 495 F.3d (5th Cir. 2007),holding that homeowners were not entitled to agreed face value of their policy where their homes sustained some damage from covered peril, but total loss resulted from non-covered peril. Thus, independent of the fact that the Valued Policy Law applies only to fire losses, Plaintiffs may not maintain a claim under the aforementioned law since they allege the total loss is due in part to a non-covered peril.

insurance which they believed covered all perils.[2] However, "[t]he insured is presumed to know the provisions of his policy...." *Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637. Moreover, under Louisiana law, an insured has a duty to read his or her insurance policy and know its provisions. *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La. App. 2 Cir.1995) (citing (La. App. 2 Cir.1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. App. 1 Cir.1989)). Therefore, where the policies specifically exclude flood coverage, defendant is entitled to summary judgment on this issue.

**Certain Other Items Damages**

The policies issued provide "other coverages". Defendant admits that the "other coverages" portion does provides some limited coverage—10% of the dwelling limit for fair rental value and allows recovery for debris removal.[3] Plaintiffs submit that Dr. Alden was renting the Pritchard property to a neighbor and was converting the second floor to be used as an office space. The plaintiffs also submit that the Breedlove property suffered a "double peril" as it was damaged by fire and then hit by Hurricane Katrina. They claim they have not yet recovered their full amount for each peril for debris removal.

---

[2]  *See* exhibit F, deposition of William Alden, p. 187-188.
[3]  See Rec Doc. No. 39-2 at pg. 13.

Summary judgment on this issue is not appropriate as there are genuine issues of material fact at dispute.

Louisiana Valued Policy Law does not apply to the policies held by the Plaintiffs; thus Plaintiffs are not entitled to full value of their policies and summary judgment is appropriate. Additionally, both parties agree that flood coverage was excluded from the Aldens' policies. Therefore, recovery for flood damages is not available and there can be no genuine issues of material fact on that issue. In regards to other items of damage claimed by the Aldens, there are genuine issues of material fact concerning whether the Aldens may recover for these damages. Therefore, summary judgment on that issue is inappropriate.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment (Rec. Doc. No. 39) **GRANTED IN PART** as to the inapplicability of the Louisiana Valued Policy Law and the flood exclusion and **DENIED IN PART** as to damages for "Certain Other Items."

New Orleans, Louisiana this 7th day of April, 2009.

**UNITED STATES DISTRICT JUDGE**