UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRESCENT CITY PROPERTY REDEVELOPMENT ASSOC., LLC, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 06-11420** |
| **USAA CASUALTY INSURANCE COMPANY** | **SECTION: "B"(5)** |

## ORDER AND REASONS

Before this Court is Plaintiffs' Motion for New Trial or to Alter or Amend the Judgment pursuant to Federal Rules of Civil Procedure 50 and 59. (Rec. Doc. 120). The motion is opposed by Defendant. (Rec. Doc. 123). Plaintiff's motion is hereby **DENIED** for the following reasons.

This suit concerned the home of Dr. William W. Alden and his wife, Ashley S. Alden as well as four other properties owned by Dr. Alden's limited liability company, Crescent City Property Redevelopment Association, L.L.C. ("Plaintiffs"). USAA Casualty Insurance Company ("Defendant") provided coverage to the properties under five separate policies. The plaintiffs sought the full value of their properties under Louisiana Valued Policy Law, Louisiana Revised Statute 22:695(A). The suit discussed five properties discussed herein: The Aldens' home property, located at 4170 Vincennes Place, New Orleans, Louisiana & the four other properties owned by Plaintiffs, which included: 4336 State Street, New

Orleans, Louisiana; 4217 South Rocheblave Street, New Orleans, Louisiana; 6901 Pritchard Place, New Orleans, Louisiana; and 6904 Breedlove Street, New Orleans, Louisiana.

With the exception of the Breedlove property, which burned down the day prior to Hurricane Katrina, the properties were damaged as a result of Hurricane Katrina. Defendant inspected each of the five properties and made payments for wind damage for the Katrina affected properties and paid the dwelling limits of the policy issued on the Breedlove property. Plaintiffs also sought damages under the policies referred to as "other coverages." Beginning on Monday, April 13, 2009, Plaintiffs and Defendants were parties to a four-day jury trial on the issues of underlying Plaintiffs' claims. On April 17, 2009, the Jury found in favor of Defendant and against Plaintiffs, "dismissing asserted claims at Plaintiff's cost." During the trial, this Court also granted Defendant's Motion for Judgment as a matter of law, dismissing Plaintiffs' claims for loss of rental value.

Plaintiffs contend that this Court erred as a matter of law in dismissing their claims for loss of rental income as to the properties on Rocheblave Street, Breedlove Street, and State Street Drive. Plaintiffs also contend that they met their burden of proof against Defendant as to the extent of their damages and Defendant's failure to properly pay them.

Defendant contends that Plaintiffs' motion should be denied

because Plaintiffs have not set forth any valid reason why this Court should alter or amend its Judgment. Defendant also contend this Court's Judgment as a matter of law was justifiably based on Plaintiff's failure to introduce evidence supportive of any award, and the jury's verdict with respect to dwelling damages and/or Plaintiffs' claims for penalties, damages, and/or attorney's fees was reasonable and well supported by the evidence introduced by Defendant.

### A. Judgment as a Matter of Law

Rule 50(a) of the Federal Rules of Civil Procedure provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may resolve the issue against the party; and grant a motion for judgment as a matter of law..." Fed. R Civ. P 50(a). Rule 50(b) of the Federal Rules of Civil Procedure was amended in 2006 to permit renewal of any Rule 50(a) motion for judgment as a matter of law, deleting the requirement that a motion be made at the close of all the evidence. This change responds to many decisions that have begun to move away from requiring a motion for judgment as a matter of law at the literal close of all the evidence. *See* Comments to 2006 Amendment.

Under Rule 50(b) the movant may file a renewed motion for directed entry of judgment as a matter of law. In ruling on the

renewed motion, the court may:(1) allow judgment on the verdict, if the jury returned a verdict;(2) order a new trial; or(3) direct the entry of judgment as a matter of law.  However, the Fifth Circuit has made clear that "[a] party is entitled to judgment as a matter of law only 'only if the evidence points one way and is susceptible to no reasonable inferences which may support the opposing party's position.'" *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1099 (5th Cir. 2001)(quoting *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000)).

"[M]otions for judgment as a matter of law should not be decided on the basis of which side has the better of the case…." *Leatherwood v. Houston Post Co.,* 59 F.3d 533 (5th Cir. 1995).  In hearing a Rule 50 motion for judgment as a matter of law "the court must review all of the evidence in the record, draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence."  *Ellis v. Weasler Eng'g, Inc.*, 258 F.3d 326, 337 (5th Cir. 2001) (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-151 (U.S. 2000)).  Although the court must conduct a complete review of the record, it must disregard all evidence favorable to the moving party that the jury is not required to believe.  *Id*.

Turning to the instant case, Plaintiffs contend that from the trial the evidence shows that the properties were actually held for rent.  (Rec. Doc. 120).  Plaintiffs argue that the evidence

established the amounts of rent and the amount of damage each property incurred from being out of commerce. (Rec. Doc. 120). Plaintiffs also contend that Defendant offered no contradictory evidence that counters Plaintiffs' evidence that Defendant owes for the rental claims. (Rec. Doc. 120) Thus, Plaintiffs' assert that this issue should not have been dismissed before being submitted to a jury, and warrants a new trial on this issue or a judgment in favor of Plaintiffs for the rent loss amounts. (Rec. Doc. 120). Defendant contends that in order for Plaintiffs to have prevailed on their claim for lost rents, they were required and failed to establish (1) that the properties in question were "held for rent" at the time of the hurricane; (2) that they were rendered "not fit to live in" by a covered peril (wind); (3) and the amount of rental income lost as a result of the damage. (Rec. Doc. 123). Thus, this Court was correct in granting the Defendant's motion for judgment as a matter of law for the claims of loss associated with fair rental value. (Rec. Doc. 123). Defendants also argue that Plaintiffs have failed to point to "any manifest error of law or fact… as to why the Court's judgment should be altered… rather they simply reiterate the same arguments that were made in opposition to [Defendant's] Rule 50 motion." (Rec. Doc. 123).

Plaintiffs fail to meet the burden necessary for this Court to overturn its prior judgment as a matter of law, and award a new trial on the issue of rental losses. For the loss of rents,

Plaintiffs rely heavily on Dr. Alden to establish the claims, and Plaintiffs lacked any documentation to substantiate his claims. Plaintiffs themselves admit that because of the Hurricane's flooding at Dr. Alden's home, "he had no documents to introduce at trial to show the units were held for rent prior to Katrina." (Rec. Doc. 127). Defendant contends that Dr. Alden's credibility was substantially diminished throughout the course of trial. (Rec. Doc. 123). Plaintiffs do not show how that evidence points solely in their favor in "one way and is susceptible to no reasonable inferences which may support the opposing party's position." *Hampton,* 247 F.3d at 1099, (quoting *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000)). "The district court properly grants a Rule 50 motion for judgment as a matter of law only where the facts and inferences indicate a particular outcome so strenuously that reasonable minds could not disagree." *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 564 (5th Cir. 2001) (quoting *Aguillard v. McGowen*, 207 F.3d 226, 228-29 (5th Cir. 2000). Thus, this Court previously ruled on this matter, and without a showing that the evidence pointed solely in their favor, Plaintiffs' motion fails.

### B.     Motion to Alter or Amend Judgment

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must

present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-864 (5th Cir. 2003)). In describing the purpose behind this motion, the Fifth Circuit has held:

> [S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been raised before entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment is an extraordinary remedy that should be used sparingly.

Moreover, "[t]he Court should refrain from altering or amending a ruling or judgment under Rule 59(e) of the Federal Rules of Civil Procedure unless one of the following grounds is present: (1) "The judgment is based upon manifest errors of law or fact;(2) The existence of newly discovered or previously unavailable evidence;(3) Manifest injustice will result; or (4) an intervening change in controlling law has occurred." *Veron v. Talamo,* No. 06-4644, 2007 WL 1259222, 1 (E.D. La. Apr. 27, 2007).

    In the instant action, Plaintiffs contend that the burden of proof by their side was met on the issue of estimated damages and Plaintiffs evidence outweighed the evidence presented by Defendant. (Rec. Doc. 120). Plaintiffs aver that the discrepancy of damages

awarded and what was owed is so troublesome that it amount to an egregious, manifest jury error. (Rec. Doc. 120). Thus, "justice was not served by the jury" requiring this Court to either grant Plaintiffs Judgment as a matter of law, or grant Plaintiffs a New Trial on the Merits. (Rec. Doc. 120). Defendant argues that there was "ample evidence to support the jury's finding" that Defendant's estimates were more accurate that those presented by Plaintiffs. (Rec. Doc. 123). Defendant also contends that Plaintiffs expert testimony was tarnished by Dr. Alden's credibility issue. (Rec. Doc. 123). Defendant avers that its adjusters determined that after an on-site inspection, Plaintiffs were actually overpaid. (Rec. Doc. 123).

Plaintiffs' action under Rule 59 fails because "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller,* 342 F.3d at 567, (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-864 (5th Cir. 2003)). Plaintiffs present no new evidence and ask this Court to determine that a reasonable jury determination of damages amounts to an "egregious error." Given the evidence presented on this issue and the determination of the jury, the amount of damages it awarded were reasonable. Plaintiffs fail to point to a manifest error in law or fact and fail to

present any newly discovered evidence which could suggest such an error.

Accordingly, Plaintiffs' Motion for New Trial or to Alter or Amend the Judgment is **DENIED**.

New Orleans, Louisiana, this 27th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE